UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME WILLIAMS, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:10-CV-531 RM<br>(Arising out of 3:08-CR-72(01) RM) |

OPINION and ORDER

Remaining for resolution is Jerome Williams' claim in his 28 U.S.C. § 2255 petition that the government wrongly grouped (in Count 1) multiple drug transactions that, in the aggregate, amounted to 50 grams of cocaine base. In response to Mr. Williams' petition, the government announced its position that 21 U.S.C. § 841(b)(1)(A) "does not apply unless there is evidence of one transaction involving the requisite amount [of drugs]," Resp., at 13, and agreed that, at trial, no witness testified that he or she had purchased 50 grams or more of cocaine base from Mr. Williams in a single transaction. Based on the government's concession, it remains to decide whether Mr. Williams should be resentenced or afforded a new trial on Count 1.

Mr. Williams argues that the conviction on Count 1 should be set aside and a new trial held. According to Mr. Williams, because he was indicted by the grand jury for distribution of 50 grams or more and his trial was based on distribution of that amount, the drug quantity – 50 grams or more – was an element of his

offense. He objects to the government's argument that a lesser included charge under 21 U.S.C. § 841 would be applicable: he says he never had notice of a lesser included offense, so he wasn't able to defend against that charge. Mr. Williams argues, too, that, at trial, unreliable witnesses merely made vague allegations about drug quantities, so there's no way to know which witnesses were believed or what drug quantities were relied on by the jurors. Mr. Williams claims a new trial is warranted.

The government asks the court to affirm Mr. Williams' conviction on Count 1 and resentence him based on the lesser included offense of distributing cocaine base under 21 U.S.C. § 841(b)(1)(C). The government says applicable law confirms that drug quantity isn't an element of the offense, but, instead, is a sentencing consideration, citing in support United States v. Kincannon, 567 F.3d 893 (7th Cir. 2009), United States v. Washington, 558 F.3d at 716 (7th Cir. 2009), and United States v. Hollingsworth, 495 F.3d 795 (7th Cir. 2007). The government also says that since the elements of an offense under 21 U.S.C. § 841(a) are the same regardless of the drug quantity, Mr. Williams had notice of the offense for which he was being charged, even the lesser included offense, and an opportunity to present a defense at trial.

The court recognizes, as Mr. Williams notes, that, unlike Kincannon, this case didn't involve a conspiracy, but Mr. Williams "misapprehends the significance of the determination that he possessed a particular quantity of crack cocaine. The particular type and amount of cocaine that a defendant possesses are not

2

elements of the section 841 offense. . . . [T]he relevance of the drug type and quantity determinations lies in their effect on the sentence." United States v. Kelly, 519 F.3d 355, 363 (7th Cir. 2008); *see also* United States v. Haynes, 582 F.3d 686, 705-706 (7th Cir. 2009) ("[T]he drug quantity is not an element of the offenses. . . . It is relevant to sentencing."); United States v. Washington, 558 F.3d 716, 719 (7th Cir. 2009) ("drug type and quantity are sentencing factors"); United States v. Martinez, 518 F.3d 505, 509 (7th Cir. 2008) ("As we have said repeatedly, the drug quantity is not an element of the crimes defined by § 846 or § 841(a)(1).").

A jury must find beyond a reasonable doubt "any fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The absence of a finding by a jury of the drug quantity involved is harmless "if it is clear beyond a reasonable doubt that a properly instructed jury would have found the defendant responsible for the requisite quantity of drugs." United States v. Hollingsworth, 495 F.3d 795, 806 (7th Cir. 2007) (*quoting* United States v. Arocho, 305 F.3d 627, 638 (7th Cir. 2002)). The record of the proceedings in this case confirms that at least eight witnesses testified that they had purchased drugs from Mr. Williams in amounts sufficient to establish, beyond a reasonable doubt, that Mr. Williams violated 21 U.S.C. § 841(a). Thus, the remedy for the failure to prove that Mr. Williams possessed a particular quantity of cocaine base "would not be to grant him a judgment of acquittal or a new trial, but rather [a] re-sentencing subject to the default statutory maximum term." United States v. Kelly, 519 F.3d 355, 363

3

(7th Cir. 2008); *see also* United States v. Haynes, 582 F.3d 686, 705-706 (7th Cir. 2009) ("If the evidence failed to establish that [the defendant] possessed five or more kilograms of cocaine, and the district court sentenced him above the default twenty-year maximum applicable to any amount of cocaine, *see* 21 U.S.C. § 841(b)(1)(C), his remedy would not be a new trial but a . . . re-sentencing subject to the default statutory maximum term.").

Based on the foregoing, the court DENIES Mr. Williams' oral request that the conviction on Count 1 be set aside and he be granted a new trial. A re-sentencing hearing on Count 1 will be scheduled under separate order following consultation with counsel. In preparation for the resentencing hearing, the court will direct that a revised Presentence Investigation Report be prepared and the parties submit sentencing memoranda, with the date for those submissions to be based on the date agreed upon for the resentencing hearing.

The court DEFERS final ruling on Mr. Williams' § 2255 petition until the resentencing hearing.

SO ORDERED.

ENTERED:  November 9, 2011

/s/ Robert L. Miller, Jr.
Judge, United States District Court